RATH, YOUNG & PIGNATELLI, P.C.
R. Terry Parker
One Capital Plaza
PO BOX 1500
Concord NH 03302-1500
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Minden Pictures, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MINDEN PICTURES, INC.,<br><br>,<br><br>Plaintiff,<br><br>v.<br><br>RYAN MCELROY d/b/a<br>TRAVEL AGENCY<br>TRIBES and DOES 1-10,<br><br>Defendants. | **Case No.:** |

## COMPLAINT AND JURY DEMAND

Plaintiff, Minden Pictures Inc., ("Plaintiff"), by its undersigned attorneys,

Rath, Young and Pignatelli, PC, for its complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1.     This is a case of willful copyright infringement in violation of 17 U.S.C.

§§ 106(1), 501, and 1202.  Plaintiff seeks compensatory and statutory damages in an amount

to be established at trial.

## PARTIES

2.      Plaintiff Minden Pictures Inc. is a California Corporation with a principal place of business at 9565 Soquel Drive, Suite 202, Aptos, California, 95003.

3.      Upon information and belief, defendant Ryan McElroy ("Defendant") is an individual locate 1535 Hastings Drive, London, Ontario, Canada and doing business as Travel Agency Tribes.

4.      Defendants Does 1 through 10 ("Doe Defendants") are currently unknown to Plaintiff and, as such, are identified in this action with fictitious names.  Upon information and belief, each of the defendants designated as Does is legally responsible at least in part for the events and actions constituting the conduct damaging Plaintiff.  Plaintiff will seek leave of Court to amend this complaint to identify and include the actual names and capacities of defendants after Plaintiff obtains such information.

## JURISDICTION AND VENUE

5.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

6.      Personal jurisdiction over Defendants is proper.  Defendants are conducting business in and committing torts in this state, including without limitation Defendants' copyright infringement, which causes harm in this state and judicial district.  Specifically, upon information and belief, Defendant is doing regular business in this state with a number of New York companies, including but not limited to, Travel Savers US, through which Defendant targets consumers in this state and commits torts in this state and causes harm in

this state.

7.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      Plaintiff's Business**

8.      Plaintiff is recognized as the premier provider of rights managed wildlife and nature stock photos and feature stories, with a collection that covers key aspects of natural history, ecology, biodiversity and endangered species from all continents including many remote and isolated regions.  Its photographic works represent the finest images by an award-winning group of natural history photographers including many regular contributors to *National Geographic* and are represented in collections by Nature Picture Library, National Geographic Society, Frank Lane Picture Agency, Nature in Stock, Buiten-beeld, Biosphoto, Birdimagency, Auscape, Hedgehog House, San Diego Zoo and amana.

9.      Plaintiff licenses its works for professional applications including editorial, advertising, corporate and non-profit use.

10.     Suzi Eszterhas is an award-winning wildlife photographer best known for her work documenting newborn animals and family life in the wild.  Her unique ability to earn the trust of her subject leads to touching imagery including groundbreaking work with tiger cubs at a den in India, newborn cheetahs on the African savanna, and brown bear cubs seeing the world for the first time in the Alaskan wilderness.  Her photographs have been published in over 100 magazine cover and feature stories in publications such as *TIME*, *Smithsonian*, *BBC Wildlife*, *GEO*, *Popular Photography*, *Ranger Rick*, and *National Geographic Kids*.

11.     Ms. Eszter has has won awards in many competitions including the Wildlife Photographer of the Year Competition, National Wildlife Photo Contest, and Environmental Photographer of the Year Competition. She now serves as the jury chair for the prestigious Big Picture Natural World Photography Competition.

12.     Plaintiff is the exclusive licensee of the iconic photographic image attached hereto as Exhibit A (the "Copyrighted Work") and is responsible for the exclusive administration, publication and enforcement of the copyrights in and to the Copyrighted Work.

13.     The Copyrighted Work is an original work of authorship created by Suzi Eszterhas.

14.     Plaintiff regularly includes in its works copyright management information.

15.     On January 16, 2009, on behalf of Ms. Eszterhas, Plaintiff obtained a registration with the United States Copyright Office for the photographic work entitled Suzi Eszterhas 2007 Photo Collection on Minden Pictures Website.  Attached hereto as Exhibit B is a copy of the certificate for Registration Number VA 1-702-515 obtained from the United States Copyright Office.

**B.     Defendants' Unlawful Activities**

16.     Defendant operates an international marketing organization with that provides travel industry servicers to thousands of independently-owned, full service travel agencies in countries around the world.

17.     One of these services to home-based travel agents is a platform tool by which Defendant designs and builds customized websites for home-based travel agents or allows the home-based agents to design their own customized website.

18.    Plaintiff discovered Defendants are and have been infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

19.    Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed and publicly displayed, without Plaintiff's authorization, at the following websites:

- https://www.allpointsvacations.com/kenya-and-tanzania;

- https://photos.gttwl.net/640x480/gttwl/attachments/global/1482951468_original.jpeg; and

- https://photos.gttwl.net/original/gttwl/attachments/global/1482951468_original.jpeg.

20.    A screenshot of the infringing use is attached hereto as Exhibit C.

21.    Upon information and belief, Defendants either directly or indirectly reproduced, distributed, and publicly displayed the Copyrighted Work at the infringing websites.

22.    Upon information and belief, at all times relevant to the infringement described herein, Defendant owned, had control over, and benefited from the technology responsible for creating the infringing websites and/or participated in the operation of technology that created the infringing websites.

## FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement)

23.    Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

24.    The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

25.     As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

26.     Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendants had access to the Copyrighted Work prior to the creation of Defendants' infringing works.

27.     By their actions, as alleged above, Defendant has directly infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the infringing works.

28.     Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendants have profited at the expense of Plaintiff.

29.     As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendants' uses of the Copyrighted Work without paying licensing fees, in an amount to be proven at trial.

30.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

31.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

32.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

33.     Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**SECOND CLAIM FOR RELIEF**
**(Contributory Copyright Infringement)**

34.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

35.     As an alternative theory to its direct infringement claim, in event any of the Defendant contends that the infringing conduct described above is done by one or more of the Doe Defendants, Defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

36.     By their actions, as alleged above, Defendants' foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

37.     Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyrights are willful and deliberate and Defendants have profited at the expense of Plaintiff.

38.     As a direct and proximate result of Defendants' contributory infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

39.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff

shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

40.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

41.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

42.     Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

43.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

44.     As an alternative theory to its infringement claims above, to the extent any of the Defendants contend they did not directly infringe or contributorily infringe Plaintiff's copyrights, Defendants each had the right or ability to supervise the direct infringement described above.

45.     As a result of each Defendants right or ability to supervise the direct infringement described above, Defendants could have prevented or stopped the direct infringement but did not take any action to do so.

8

46.     Defendants each had a direct financial interest the reproduction, distribution and public display of the Copyrighted Work and each Defendant benefitted from the direct infringement.

47.     As a direct and proximate result of Defendants' vicarious infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

48.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

49.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

50.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

51.     Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
### (17 U.S.C. § 1202)

52.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

53.     Defendants have, upon information and belief, intentionally removed copyright management information included on Plaintiff's display and publication of the Copyrighted Work.

54.     Upon information and belief, Defendants removed and/or altered copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyrights.

55.     Upon information and belief, Defendants provided and distributed false copyright management information on the infringing works in order to facilitate or conceal the infringement of Plaintiff's Copyrighted Work.

56.     Upon information and belief, Defendants' acts in violation of the Digital Millennium Copyright Act were and are willful.

57.     By reason of Defendants' violations of the Digital Millennium Copyright Act, Plaintiff has sustained and will continue to sustain substantial injuries.

58.     Further irreparable harm is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendants, their officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendants from engaging in further violations of the Digital Millennium Copyright Act.

59.     At its election, and in lieu of Defendants' profits derived from their violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

60.     Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment as follows:

1.     A declaration that Defendants have directly or indirectly infringed Plaintiff's copyrights in the Copyrighted Work under the Copyright Act;

2.     A declaration that such infringement is willful;

3.     An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of the Copyright Work.

4.     A declaration that Defendants have violated the Digital Millennium Copyright Act by intentionally removing copyright management information and intentionally providing and distributing false copyright management information to conceal infringement;

5.     Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from their acts of copyright infringement and violations of the Digital Millennium Copyright Act or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

6.     Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

7.     Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505 and 1203(b)(5);

8.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing

sums;

     9.    Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from:

        (a)    directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

        (b)    directly or indirectly removing or altering any copyright management information from, or providing or distributing any false copyright management information in connection with, Plaintiff's Copyrighted Work.

     10.    For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

     Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 6, 2018

                         Respectfully submitted,


                         By: */s/R. Terry Parker*
                         RATH, YOUNG & PIGNATELLI, P.C.
                         R. Terry Parker
                         One Capital Plaza
                         PO BOX 1500
                         Concord NH 03302-1500
                         Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Minden Pictures, Inc.*